## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA

JOSEPH VALERIO, individually and on behalf of
all others similarly situated,

    *Plaintiff*,

vs.

QUMPUS, INC., D/B/A BETTER WORLD
BOOKS,

    *Defendant*.

_____/

**CLASS ACTION**

**Case No.**

**JURY TRIAL
DEMANDED**

### CLASS ACTION COMPLAINT

1.      Plaintiff, Joseph Valerio ("Plaintiff"), brings this action against
Defendant, Qumpus, Inc., d/b/a Better World Books ("Defendant"), to secure redress
for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §
227.

### NATURE OF THE ACTION

2.      This is a class action under the 47 U.S.C. § 227 et seq., the Telephone
Consumer Protection Act ("TCPA").

3.      This case arises from Defendant's transmission of multiple
unauthorized text messages to cellular telephones in violation of multiple provisions

of TCPA, without regard to consumers' consent or privacy rights, even after consumers opt out from Defendant's messages.

4.      Defendant is a book retailer and online marketplace corporation that provides book sales and related services to consumers, incorporated in Georgia.

5.      To promote its goods and services, Defendant engages in aggressive telephonic sales call campaigns to consumers with no regards for consumers' rights under the TCPA, even after customers opt out from Defendant's messages.

6.      Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals.  Plaintiff also seeks statutory damages on behalf of himself and members of the classes, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

7.      Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute. Jurisdiction is also proper under 28 U.S.C. § 1332 as the amount in controversy exceeds the sum of $75,000. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a class, which will result in at least one class member belonging to a different state than that of Defendant. Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each call in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of

thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA"). Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present.

8.    Venue is proper in the United States District Court for the Northern District Of Georgia pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant is incorporated in this District, Defendant is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant provides and markets its services from within this district thereby establishing sufficient contacts to subject it to personal jurisdiction.  Further, Defendant's tortious conduct against Plaintiff occurred from within the Northern District Of Georgia and, on information and belief, Defendant has sent the same text messages complained of by Plaintiff to other individuals from within this judicial district, such that some of Defendant's acts in making such calls have occurred from within this district, subjecting Defendant to jurisdiction in the Northern District Of Georgia.

## **PARTIES**

9.    Plaintiff is a natural person who, at all times relevant to this action, was a resident of Broward County, Florida.

10.    Plaintiff is, and at all times relevant hereto was, an individual and the sole subscriber of the residential telephone number ending in 4194 (the "4194 Number") that received Defendant's text message solicitations.

11.     Defendant is a Georgia corporation whose registered agent is located at 2 Sun Court, Suite 400, Peachtree Corners, GA, 30092, USA.

12.     Defendant directs, markets, and provides its business activities throughout the United States including the State of Florida.

13.     Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## FACTS

14.     On July 14, 2025, Defendant began sending marketing text messages to Plaintiff's 4194 Number.  That same day Plaintiff immediately decided to opt out after receiving two messages from Defendant's telephone number (75907). Plaintiff sent a clear and unambiguous opt-out message "Please Cease!" using reasonable opt out language to ensure complete cessation of communications (as shown below).



15.    Despite Plaintiff's unequivocal opt-out request, Defendant engaged in an extraordinary aggressive and persistent pattern of violations, systematically bombarding Plaintiff with unwanted text messages.

16.    Further, Defendant's violations demonstrate a systematic automated campaign that flagrantly disregarded federal law through a suspicious pattern of after-hours intrusions occurring at precisely the same time—9:35 PM—on multiple occasions, including July 15, 2025 at 9:35 PM, July 16, 2025 at 9:35 PM, July 18, 2025 at 9:35 PM, August 1, 2025 at 9:35 PM, and August 2, 2025 at 9:35 PM. This identical timing strongly suggests Defendant employs an automated messaging system that was either deliberately programmed to violate federal after-hours restrictions or was negligently configured without regard for consumer protection laws (as shown below).





17.     Defendant's violations extended far beyond the after-hours intrusions, with additional unwanted messages sent on August 8, August 13, August 14, August 20, and August 21, 2025, demonstrating a complete disregard for Plaintiff's clearly expressed wishes (as shown above).

18.     Faced with Defendant's persistent violations and inability to honor his initial opt-out request, Plaintiff was compelled to send a second, even more emphatic

message on September 8, 2025, stating "Please cease all further communications!" in a desperate attempt to halt Defendant's unwanted bombardment (As shown below).



19.     This prolonged pattern of violations—spanning multiple months and including systematic after-hours intrusions at identical times—demonstrates Defendant's complete failure to maintain any functional internal do-not-call procedures and its deliberate choice to circumvent consumer opt-out requests.

20.     The telemarketing messages Plaintiff received originated from telephone short code (75907), a telephone number owned and/or operated by or on behalf of Defendant.

21.     Defendant´s text messages were transmitted to Plaintiff´s cellular telephone, and within the time frame relevant to this action.

22.     Defendant's text messages constitute telemarketing because they encouraged the future purchase or investment in Defendant's property, goods, or services, i.e., Defendant's book sales, online marketplace services, and related retail services.

23.     The information contained in the text message advertises Defendant's various promotions, which Defendant sends to promote its business.

24.     Defendant sent the subject texts from within this judicial district and, therefore, Defendant's violation of the TCPA occurred within this district. Upon information and belief, Defendant caused other text messages to be sent to individuals residing within this judicial district.

25.    Defendant has the capability of immediately complying with Plaintiff's opt-out requests.

26.    As demonstrated by the above screenshots, Defendant does not honor reasonable consumer requests to opt-out of text message solicitations. Indeed, Plaintiff attempted to opt-out of Defendant's telephone solicitations twice, using clear language including "Please Cease!" and "Please cease all further communications!", but Defendant continued to text message Plaintiff intentionally disregarding Plaintiff's instructions in order to solicit the sale of its services to Plaintiff.

27.    Defendant´s refusal to honor Plaintiff's opt-out requests demonstrates that Defendant has not instituted procedures for maintaining a list of persons who request not to receive text messages from Defendant.

28.     Defendant´s refusal to honor Plaintiff's opt-out requests demonstrates that Defendant does not have a written policy, available upon demand, for maintaining a do-not-call list.

29.    Defendant failed to place Plaintiff on an internal do-not-call list after Plaintiff's "Please Cease!" opt-out instructions.

30.    Defendant´s refusal to honor Plaintiff's opt-out requests demonstrates that Defendant does not provide training to its personnel engaged in telemarketing on the use and existence of a do-not-call list.

31.    Defendant´s refusal to honor Plaintiff's opt-out requests demonstrates that Defendant does not maintain an internal do-not-call list.

32.    Defendant did not maintain the required procedures for handling and processing opt-out requests prior to the initiation of the violative text messages it sent to Plaintiff as reflected by the fact that Plaintiff made an opt-out request and that request was never processed; it was ignored by Defendant and its employees and Defendant continued to send text messages after July 14, 2025.

33.    These facts strongly suggest that Defendant fails to ensure that requests by Plaintiff and the Class members to opt-out of future communications are honored within a reasonable time.

34.    Indeed, Plaintiff's and the class members' opt-out requests were not honored within a reasonable time from when the opt-out request was made.

35.    Upon information and belief, Defendant does not have a written policy for maintaining an internal do not call list pursuant to 47 U.S.C. § 64.1200(d)(1).

36.    Upon information and belief, Defendant does not inform and train its personnel engaged in telemarking in the existence and the use of any internal do not call list pursuant to 47 U.S.C. § 64.1200(d)(2).

37.    Defendant´s texts were not made for an emergency purpose or to collect on a debt pursuant to 47 U.S.C. § 227(b)(1)(B).

38.    At no point in time did Plaintiff provide Defendant with his express written consent to be contacted after opting out.

39.    Specifically Plaintiff never completed any type of form that clearly and conspicuously authorized Defendant to contact Plaintiff's residential cellular telephone with marketing text messages, particularly after opting out.

40.    Plaintiff has no existing business relationship with Defendant.

41.    To the extent that Defendant ever had any consent to contact Plaintiff for marketing purposes, that extent was expressly revoked on at least July 14, 2025, when Plaintiff responded to Defendant with the message "Please Cease!".

42.    Plaintiff is the subscriber and sole user of the 4194 Number and is financially responsible for phone service to the 4194 Number.

43.    Plaintiff's 4194 Number is his residential telephone number used for personal purposes. Plaintiff's 4194 Number is his primary way of being contacted in his home.

44.    Plaintiff registered his 4194 Number with the national do-not-call registry on July 14, 2025, and has been registered at all times relevant to this action.

45.    The TCPA´s implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered him or his telephone number on the national

do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

46.    Upon information and belief, Defendant has access to outbound transmission reports for all text messages sent advertising/promoting its services and goods. These reports show the dates, times, target telephone numbers, and content of each message sent to Plaintiff and the Class members. Defendant also has access to text message logs showing Plaintiff's and the Class members' inbound opt-out requests.

47.    On information and belief, Defendant sought a financial benefit from the telemarketing text messages it placed to Plaintiff and the putative class members, as it attempted to derive business from these messages.

48.    Defendant's unsolicited text messages caused Plaintiff actual harm, including invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion.

49.    Defendant's unwanted telemarketing text messages caused Plaintiff actual harm. Specifically, Plaintiff estimates that he has wasted fifteen to thirty seconds reviewing each of Defendant's unwanted messages. Each time, Plaintiff had to stop what he was doing to either retrieve his phone and/or look down at the phone to review the message.

50.    Next, Plaintiff wasted approximately fifteen minutes locating and retaining counsel for this case in order to stop Defendant's unwanted text messages. In all,

Defendant's violations of the TCPA caused Plaintiff to waste at least fifteen minutes of his time in addressing and attempting to stop Defendant's solicitations. Additionally, the deliberate nature of Defendant's violations, continuing to send messages after express confirmation of removal, caused Plaintiff significant additional time loss and frustration over a period of several months.

## CLASS ALLEGATIONS

### PROPOSED CLASSES

51.    Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and all others similarly situated.

52.    Plaintiff brings this case on behalf of the following "Classes" defined as follows:

> **Do Not Call Registry Class: All persons in the United States who from four years prior to the filing of this action (1) were sent a text message by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of promoting Defendant's products and services; and (5) for whom Defendant claims (a) it did not obtain prior express written consent, or (b) it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call the Plaintiff.**

> **National Internal Do Not Call Class: From four years before the filing of the Complaint, all persons in the United States who (1) were sent more than one text**

**message by or on behalf of Defendant within any 12-month period; (2) regarding Defendant's goods or services, to said person's cellular telephone number; and (3) while Defendant did not maintain the required procedures under 47 C.F.R. § 64.1200(d) for maintaining a list of persons who request not to receive such calls**

**<u>After-Hours Violation Class:</u> All persons within the United States who, within the four years prior to the filing of this Complaint, were sent a text message from Defendant or anyone on Defendant's behalf between the hours of 9:00 PM and 8:00 AM in the recipient's local time zone, in violation of 47 C.F.R. § 64.1200(c)(1).**

53.     Defendant and its employees or agents are excluded from the Classes. Plaintiff does not know the number of members in each Class but believes the Class members number in the several thousands, if not more.

54.     Also excluded from the Classes are persons who, after making a request to Defendant to not receive future text messages, subsequently affirmatively opted-in to receive text messages from Defendant.

**<u>NUMEROSITY</u>**

55.     Upon information and belief, Defendant has placed telephonic sales calls to telephone numbers belonging to thousands of consumers listed throughout the United States without their prior express written consent and/or after they had requested to opt-out. The members of the Classes, therefore, are believed to be so numerous that joinder of all members is impracticable.

56.     The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's text message records.

## COMMON QUESTIONS OF LAW AND FACT

57.     There are numerous questions of law and fact common to the Classes which predominate over any questions affecting only individual members of the Classes. Among the questions of law and fact common to the Classes are:

   a.  Whether Defendant initiated telephone solicitations to Plaintiff and the Class members;

   b.  Whether Defendant violated 47 C.F.R. § 64.1200(c) by sending text messages to numbers on the Do Not Call Registry;

   c.  Whether Defendant violated 47 C.F.R. § 64.1200(d);

   d.  Whether Defendant violated 47 C.F.R. § 64.1200(c)(1) by sending text messages during prohibited after-hours times;

   e.  Whether Defendant adhered to requests by class members to stop sending text messages to their telephone numbers;

   f.  Whether Defendant keeps records of text recipients who revoked consent to receive texts;

   g.  Whether Defendant's conduct was knowing and willful;

h.  Whether Defendant is liable for damages, and the amount of such damages; and

i.  Whether Defendant should be enjoined from such conduct in the future.

58.  The common questions in this case are capable of having common answers.  If Plaintiff's claim that Defendant routinely transmits telephone solicitations and telemarketing messages to consumers after they had requested to be opted out, during prohibits after hours times, and/or while they were registered on the DNC Registry and at times prohibited by law, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

59.  Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

60.  Plaintiff is a representative who will fully and adequately assert and protect the interests of the Classes and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Classes.

### SUPERIORITY

61.  A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all

members of the Classes is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Classes are in the millions of dollars, the individual damages incurred by each member of the Classes resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Classes could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

62.    The prosecution of separate actions by members of the Classes would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Classes, although certain class members are not parties to such actions.

## COUNT I
## Violation of the TCPA, 47 U.S.C. § 227
### (On Behalf of Plaintiff and the Do Not Call Registry Class)

63.    Plaintiff repeats and realleges the paragraphs 1 through 62 of this Complaint and incorporates them by reference herein.

64.    The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or his telephone number on the national do-

not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

65.    47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[1]

66.    47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

67.    Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.  47 U.S.C. § 227(c).

68.    Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on

---

[1] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

69.    Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone solicitation in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

70.    To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## COUNT II
## <u>VIOLATION OF 47 U.S.C. § 227(c)(2)</u>
### (Individually and on behalf of the National Internal Do Not Call Class)

71.    Plaintiff re-alleges and incorporates paragraphs 1 through 62 as if fully set forth herein.

72.    The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers'

privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

73.    Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet certain minimum standards, including:

> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . . .

> (6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

47 .F.R. § 64.1200(d)(3), (6).

74.    Under 47 C.F.R § 64.1200(e) the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers:

(e) The rules set forth in paragraph (c) and (d) of this section are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, "Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991.

.F.R. § 64.1200(e).

75.     Plaintiff and the Internal Do Not Call Class members made requests to Defendant not to receive telemarketing messages from Defendant.

76.     Defendant failed to honor Plaintiff and the Internal Do Not Call Class members' requests.

77.     Upon information and belief, Defendant has not instituted procedures for maintaining a list of persons who request not to receive telemarketing messages made by or on behalf of their behalf, pursuant to 47 C.F.R. § 64.1200(d).

78.     Because Plaintiff and the Internal Do Not Call Class members received more than one text message in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200(d), as described above, Defendant violated 47 U.S.C. § 227(c)(5).

79.     As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and the Internal Do Not Call Class members are entitled to an award of $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(c)(5).

80.     As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and the Internal Do Not Call Class members are entitled to an award of $1,500.00 in statutory damages, for each and every knowing and/or willful violation, pursuant to 47 U.S.C. § 227(c)(5).

81.     Plaintiff and the Internal Do Not Call Class members also suffered damages in the form of invasion of privacy.

82.     Plaintiff and the National Internal Do Not Call Class members are also entitled to and seek injunctive relief prohibiting Defendant's illegal conduct in the future, pursuant to 47 U.S.C. § 227(c)(5).

## COUNT III
## <u>VIOLATION OF 47 U.S.C. § 227(c)(1)</u>
**(Individually and on behalf of Plaintiff and the After-Hours Violation Class)**

83.     Plaintiff re-alleges and incorporates paragraphs 1 through 62 as if fully set forth herein.

84.     47 C.F.R. § 64.1200(c)(1) provides that "[n]o person or entity shall initiate any telephone solicitation to: (1) Any residential telephone subscriber before the hour of 8 a.m. or after 9 p.m. (local time at the called party's location)."

85.     47 C.F.R. § 64.1200(e) provides the rules set forth in 47 C.F.R. § 64.1200(c) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers:

> (e) The rules set forth in paragraph (c) and (d) of this section are applicable to any person or entity making telephone

solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, "Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991.

86.     Any person "who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.  47 U.S.C. § 227(c).

87.     Defendant violated 47 C.F.R. § 64.1200(c)(1) by initiating, or causing to be initiated, telephone solicitations to Plaintiff and the After-Hours Violation Class members during prohibited after-hours times.

88.     Defendant violated 47 U.S.C. § 227(c) because Plaintiff and the After-Hours Violation Class members received more than one text message in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200(c)(1), as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the After-Hours Violation Class members suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200(c)(1).

89.    To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the After-Hours Violation Class.

## COUNT IV
## Knowing and/or Willful Violations of the TCPA
### (On Behalf of Plaintiff and the Classes)

90.    Plaintiff re-allege and incorporates paragraphs 1-62 as if fully set forth herein.

91.    At all times relevant, Defendant knew or should have known that its conduct as alleged herein violated the TCPA.

92.    Defendant knew that it did not have prior express consent to transmit telemarketing text messages and knew or should have known that its conduct was a violation of the TCPA.

93.    Defendant knew or should have known that Plaintiff´s number was on the National Do Not Call Registry and that sending text messages to such numbers violated federal regulations.

94.    Defendant knew or should have known that sending text messages during prohibited after-hours times (before 8:00 AM and after 9:00 PM) violated 47 C.F.R. § 64.1200(c)(1).

95.    Defendant knew or should have known that continuing to send telemarketing text messages after receiving the request from Plaintiff not to receive

telemarketing messages violated 47 C.F.R. § 64.1200(d) and related TCPA provisions requiring entities to maintain internal do-not-call procedures.

96.     Because Defendant knew or should have known that Plaintiffs and Class Members had not given prior express consent to receive its telemarketing text messages and that their numbers were on the National Do Not Call Registry, that messages were being sent during prohibited after-hours times and that multiple opt-out requests were being ignored, the Court should treble the amount of statutory damages available to Plaintiffs and the other members of the putative Class pursuant to § 227(b)(3) of the TCPA and § 227(c)(5) of the TCPA.

97.     As a result of Defendant's violations, Plaintiffs and the Class Members are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C) and 47 U.S.C. § 227(c)(5).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a.  An order certifying this case as a class action on behalf of the Classes as defined above, and appointing Plaintiff as the representative of the Classes and Plaintiff's counsel as Class Counsel;

b.  A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227.

c.  An injunction prohibiting Defendant from sending text messages during prohibited after-hours times in violation of 47 C.F.R. § 64.1200(c)(1).

d.  An injunction requiring Defendant to implement and maintain proper internal do-not-call procedures in compliance with 47 C.F.R. § 64.1200(d);

e.  An injunction requiring Defendant to cease all text message solicitations to numbers on the Do Not Call Registry, and to otherwise protect the interests of the Classes;

f.  An award of actual and statutory damages for Plaintiff and each member of the Classes;

g.  Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff, individually and on behalf of the Classes, hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with the communications or transmittal of the text messages as alleged herein.

Dated: September 11, 2025

Respectfully Submitted,

**Shamis & Gentile, P.A.**
*/s/ Andrew J. Shamis*
Andrew J. Shamis, Esq.
ashamis@shamisgentile.com
Georgia Bar No. 494196
14 NE 1st Ave., Suite 705
Miami, Florida 33132
Telephone: 305-479-2299

*Counsel for Plaintiff and the Classes.*